SEDGWICK, v. FISH.

Mortgaged premises are not sold on credit, without the consent of both parties.
But on the complainant's application, the court will order a sale on credit, to the ex-
tent of principal and interest.

*1824.*
*17th Novem-*
*ber.*

*Sale of mort-*
*gaged premises*
*on credit.*

THE complainant a mortgagee, had filed a bill for the sa-
tisfaction of his mortgage; the bill had been taken as con-
fessed, by the default of the defendant; and the ordinary
decree foreclosing the equity of redemption and directing a
sale, was about to be entered. A motion was now made ex
parte, by the complainant, for a special direction, that the
mortgaged premises should be sold on credit, and that a new
mortgage or mortgages should be taken by the master, from
the purchaser. The argument in support of this application,
was, that a sale on credit, would probably, produce a higher
price, and might therefore, be beneficial to both parties.

THE COURT. The suggestion that credit may produce
a higher price, is equally applicable to all sales; but judicial
sales are not in general, made on credit, without the consent
of parties.

The sale of mortgaged premises under decrees of this
court, has long been an established practice; and this pro-
ceeding is in effect, an execution for the mortgage debt, against
the mortgaged land. But the ancient practice of a foreclo-
sure of the equity of redemption without a sale, has not been
abolished; and the mortgagee may still, take a decree for a
mere foreclosure. Where the mortgaged premises are sus-
ceptible of any convenient division, they are by the practice
of this court, sold in parcels; and in such cases, a sale of less
than the whole, is often sufficient. When the decree directs
a sale, the mortgagee may become the purchaser. The mort-
gagee may therefore guard himself against a sacrifice of the
value of the mortgaged land.

If the court should direct that this sale be made on credit,
and the mortgaged land should produce more than the amount
of the mortgage debt, two new mortgages would follow;
one to the complainant, and the other to the defendant, or to

the master in trust for the defendant. But the defendant does not join in this application for a sale on credit; and he may prefer a sale for cash. Such a practice as is now proposed, would in effect, convert one mortgage into another, or into several mortgages; it might be injurious rather than beneficial to the defendant; and it would be new, in the proceedings of this court.

Still, if the credit to be given, is limited to the amount of the mortgage debt, no sufficient objection to this measure is perceived. That the complainant should for the sum due to him, accept credit instead of cash, from a purchaser, may be beneficial to the parties, and can not be injurious to the defendant. To this extent, the motion may be granted. The decree will direct, that for the amount of principal and interest ascertained to be due to the complainant, the sale may be made on credit; and that the sum produced by the sale be deemed a payment on this mortgage. The costs of suit not being yet liquidated, can not be included in the sum for which credit may be given.